UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| QUINTELLA DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:20-CV-464-PPS-JEM |
| | ) | |
| ST. MARY MEDICAL CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Quintella Dennis worked as a nurses' assistance and as a registered nurse for St. Mary's Medical Center, Inc. for about 17 years. [DE 1 at 2-6.] In 2019, after returning from medical leave, she was terminated because "she did not return to work." *Id.* at ¶ 30. St. Mary's has moved for partial summary judgment on the race and disability discrimination counts, arguing that Dennis did not timely file a Charge of Discrimination with the EEOC. [DE 24.] Because the EEOC admitted responsibility to an administrative error, stating that the Charge of Discrimination was considered to be timely filed [DE 30-6], I find that equitable tolling is warranted in this case and will deny the motion for partial summary judgment.

### Background

The facts are largely unimportant to the present motion.  It is enough to say that Quintella Dennis, an African American woman, worked for several years at St. Mary's as a registered nurse receiving positive reviews. DE 1 at ¶6-7. Dennis claims this all

changed when a new manager (Suzy Matheny Hentzell) was appointed.  At some point,

Dennis went on FMLA leave because of an injury and when she returned to work on

January 9, 2019, Hentzell terminated her position. *Id.* at ¶ 29-30. Dennis applied for

fourteen other positions at St. Mary's, received one interview but was not rehired. *Id.* at

¶ 31.

Dennis submitted a Pre-Charge Inquiry and detailed statement of her allegations

with the EEOC on October 29, 2019, 293 days after her termination. [DE 30-2.] She

completed an intake interview with the EEOC on November 7, 2019. [DE 30-4.] She

received two follow up calls from the EEOC regarding the intake interview but no

Charge of Discrimination.  So, she called the EEOC on February 20, 2020 and left them a

detailed message asking for a status of her case.  [DE 30-1 at ¶ 9.] Lo and behold, four

days later, Dennis received a Charge of Discrimination form from the EEOC, which she

reviewed, signed, and immediately returned to the agency the next day. [*Id.* at ¶10; DE

30-5].

On May 21, 2020, the EEOC sent an unsolicited letter to Dennis acknowledging

that she requested a Charge of Discrimination on October 20, 2019. [DE 30-6.] The EEOC

explained that due to an administrative processing error, the Charge was not submitted

until February 25, 2020. *Id.* Nevertheless, from the EEOC's point of view, as its letter

unequivocally states: "The Charge of Discrimination was timely filed by the Charging

Party on October 30, 2019." *Id.*

## Discussion

Summary judgment must be granted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020) (internal citation and quotations omitted).  The non-moving party may not rely merely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." *Goodman v. NSA, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).   She may present evidence in the form of affidavits, depositions, answers to interrogatories, and admissions to show a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).  "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

St. Mary's argues that the untimeliness of Dennis's EEOC claim bars her Title VII and ADA claims because a Charge of Discrimination was not filed with the EEOC within 300 days of the improper employment action. "To bring a Title VII claim, a plaintiff must file an EEOC charge within 300-days of the conduct underlying the claim." *Moore v. Vital Prods.*, 641 F.3d 253, 256 (7th Cir. 2011); *Chatman v. Bd. Of Educ. Of Chi*, No. 20-2882, 2021 U.S. App. LEXIS 21430, at *8 (7th Cir. July 20, 2021); *see* 42 U.S.C. § 2000e-5(e)(1). "Any complaint of conduct that occurred more than 300-days before the relevant EEOC charge is time-barred." *Id.* The same 300-day limitations period applies to ADA cases.  *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004).

A defendant may invoke a plaintiff's failure to timely file an EEOC charge as an affirmative defense. *Chatman*, 2021 U.S. App. LEXIS 21430, at *8. In asserting this affirmative defense, St. Mary's must show there is no genuine issue of material fact as to Dennis's timely filing of her Charge with the EEOC at summary judgment "by pointing to evidence that affirmatively shows that the plaintiff failed to timely file" or "the absence of evidence in the record to support the plaintiff's timeliness." *Id.* at *8-9.

The Supreme Court has made clear that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. TWA*, 455 U.S. 385, 393 (1982); *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Equitable tolling stops the limitations clock when a litigant has diligently pursued her rights, but due to some extraordinary circumstance, she could not bring a timely action. *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021); *Herrera v. Cleveland*, 2021 U.S. App. LEXIS 23405, at *13-14 (7th Cir. 2021). "[R]ecognizing that the charge-filing requirement is nonjurisdictional gives plaintiffs scant incentive to skirt the instruction. Defendants, after all, have good reason promptly to raise an objection that may rid them of the lawsuit filed against them." *Fort Bend Cty*, 139 S. Ct. at 1851; *see Sinah v. Bradley Univ.*, 995 F.3d 568, 575 (7th Cir. 2021). "The limitations clock begins running when the employer renders a 'final, ultimate, [and] non-tentative' decision and the employee receives 'unequivocal notice of it.'" *Sinha*, 995

F.3d at 575 (citing *Wrolstad v. Cuna Mutual Ins. Soc'y*, 911 F.3d 450, 456 (7th Cir. 2018) (alteration in original)).

First, St. Mary's argues that Dennis's Charge of Discrimination of February 25, 2020 is well outside of the 300-day requirement, being over a year from the date of the employment action – January 9, 2019, and therefore is untimely. Dennis argues that she filed a Pre-Charge Inquiry form on October 29, 2019, just within the 300-day requirement. First, I agree with St. Mary's that the Pre-Charge Inquiry form alone is not enough to meet the timeliness requirement. The Pre-Charge Inquiry form clearly states multiple times that "THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION." [DE 26-1 at 17-18.] Indeed, another court has held that the Pre-Charge Inquiry was not enough to amount to a Charge of Discrimination. *Herrera v. Di Meo Bros.*, 2021 U.S. Dist. LEXIS 58948, at *9 (N.D. Ill. Mar. 29, 2021). After considering the briefing and relevant caselaw, I am unpersuaded that the Pre-Charge Inquiry, standing alone, is tantamount to a Charge of Discrimination when evaluating the 300-day requirement.

But that's not the end of the story because the 300-day requirement can be extended by equitable tolling. And in that regard, Dennis's case is uniquely similar to *Todesco v. Durkee Foods*, 1987 U.S. Dist. LEXIS 9858 (N.D. Ill. Oct 16, 1987). [DE 29 at 8.] In *Todesco*, the claimant filed a statement of facts with the EEOC and was told by an EEOC officer that he would be sent a formal charge for signature. *Id.* at *3. The EEOC sent the formal charge after the 300-day period expired. *Id.* at *3-4. The claimant sought

equitable tolling because he was diligent in attempting to file the EEOC charge and

asked that he not be penalized because of the EEOC's failure. *Id.* at *4.

Here, Dennis argues that although she diligently pursued her claim,

"extraordinary circumstances" that were beyond her control prevented her from acting

timely. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

Similar to *Todesco*, the EEOC followed up after the 300-day deadline. [DE 30-5; DE 30-6.]

Dennis's saving grace comes in the form of a letter from the EEOC on May 21, 2020,

which stated that it had made a mistake via an "administrative processing error" and

that the EEOC considered the "Charge of Discrimination [as] timely filed by [Dennis]

on October 30, 2019." [DE 30-6.] That would put the Charge of Discrimination at 293

days, within the 300-day requirement imposed by the EEOC. Because of this

exceptional circumstance, justice requires application of equitable tolling in this matter.

Dennis diligently pursued her rights, and due to an EEOC administrative error, she

could not bring a timely Charge of Discrimination. *Xanthopoulos*, 991 F.3d at 831;

*Herrera*, 2021 U.S. App. LEXIS 23405, at *13-14.  I agree with the court in *Todesco*, "that

[she] should not be penalized because of the EEOC's failure. . .." *Todesco*, 1987 U.S. Dist.

LEXIS 9858, at *4.

What's more, St. Mary's was not prejudiced in any way by the delay in receiving

the Charge of Discrimination nor is there any suggestion that Dennis was not diligent in

pursuing her claim. Rather, Dennis's efforts to file a Charge of Discrimination within

the 300-day deadline was frustrated by an administrative error, which the EEOC readily

acknowledges. [DE 30-6.]

In sum, summary judgment requires the moving party to show no genuine issue

as to any material fact and that judgment should be entered as a matter of law. FED. R.

CIV. P. 56. Here, St. Mary's cannot show that Dennis failed to timely file the EEOC

Charge of Discrimination considering the letter from the EEOC not only claiming

responsibility for the administrative error, but also unequivocally stating that the

Charge of Discrimination was considered timely filed as of October 30, 2019. Summary

judgment will therefore be denied.

## Conclusion

For these reasons, Defendant St. Mary's Medical Center, Inc.'s Motion for Partial

Summary Judgment [DE 24] is **DENIED.**

**SO ORDERED on November 15, 2021.**

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT